1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAMONT CROSSLEY,                          Case No. 1:22-cv-00408-ADA-CDB (PC)

12                       Plaintiff,            ORDER DENYING WITHOUT PREJUDICE
                                               PLAINTIFF'S MOTION FOR A STAY OF
13           v.                                PROCEEDINGS

14   J. COLE, *et al.*,
                                               (ECF No. 16)
15                       Defendants.

16

17           Plaintiff Lamont Crossley is a state prisoner proceeding *pro se* and *in forma pauperis* in

18   this civil rights action filed under 42 U.S.C. § 1983.  Plaintiff commenced this action on March

19   29, 2022, by filing a complaint against correctional officers at California State Prison, Corcoran,

20   alleging Defendants used excessive force against him during a confrontation on April 7, 2020.

21   (ECF No. 1.)  Plaintiff alleges that Defendants attempted to cover up their actions by fabricating

22   an assault and battery "charge" against Plaintiff.  (*Id.* at 1.)  As a result, the Kings County District

23   Attorney's Office filed criminal charges against him in October 2021, and his case remains

24   pending because of COVID.  (ECF No. 16.)  By the instant motion, Plaintiff seeks a stay this case

25   "until he resolves the fabricated charges against him and . . . that his civil rights claim be deemed

26   timely filed according to the statute of limitations." (*Id.*)  Plaintiff states that he filed this action

27   "in order to meet the (2) year statute of limitations . . . ." (*Id.*)

28   ///

Actions under section 1983 fall under the limitations period of the forum state's statute of limitations for personal injury torts.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In California, the general statute of limitations for personal injury torts is two years. Cal. Civ. Proc. Code § 335.1; *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004), *cert. denied sub nom*, *Kempton v. Maldonado*, 544 U.S. 968 (2005).  The two-year statute of limitations is tolled for two years if the plaintiff is a prisoner serving a term of less than life, which gives such prisoners effectively four years to file a federal suit.  *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law).  Thus, the statute of limitations for Plaintiff's section 1983 action is four years from the date of the incident at issue, or April 8, 2024.

Plaintiff's motion suggests that he intentionally filed an incomplete complaint upon a mistaken belief that the statute of limitations for his claim is only two years.  The request to stay the case "until he resolves the fabricated charges against him" is vague and unclear whether Plaintiff intends to amend the complaint based on the outcome of the criminal proceedings or for some other reason.  Plaintiff has not demonstrated that a stay is necessary at this early stage of proceedings in this case, and if appropriate, Plaintiff may seek to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure.  Alternatively, Plaintiff may voluntarily dismiss this action under Rule 41(a).

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for a stay, (ECF No. 16), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **November 18, 2022**      _____

UNITED STATES MAGISTRATE JUDGE